# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 18, 2007

## BARRY SOTHERLAND v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14018     Robert Jones, Judge**

---

**No. M2006-01891-CCA-R3-PC - Filed April 27, 2007**

---

The Petitioner, Barry Sotherland, appeals the summary dismissal of his petition for a writ of habeas corpus. The Petitioner claims that his concurrent life sentences for aggravated rape and aggravated kidnapping are illegal because he was convicted of these charges while on parole for another felony and the sentencing court failed to explicitly order that this new sentence be served consecutively to the sentence for the paroled offense. Following a thorough review of the record and applicable law, we affirm the judgment of the Wayne County Circuit Court summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Barry Sotherland, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Mike Bottoms, District Attorney General; and Mark A. Fulks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Petitioner was convicted by a jury of aggravated rape and aggravated kidnapping.[1] See State v. Barry Sotherland, No. 87-293-III, 1988 WL 60383, at *1 (Tenn. Crim. App., Nashville, June 14, 1988), perm. to appeal denied, (Tenn. 1988). He received concurrent life sentences to be served at 35% as a Range II, especially aggravated offender. See id. The Petitioner's convictions and sentences were affirmed on direct appeal. See id.

The Petitioner, who was incarcerated in Wayne County, filed his first habeas corpus petition in 2005 in Marshall County, the county in which he was convicted. See Barry Sotherland v. State, No. M2005-00565-CCA-R3-HC, 2006 WL 407775, at *1 (Tenn. Crim. App., Nashville, Feb. 17, 2006). The lower court in that case summarily dismissed the petition because it was not filed in the proper county—the county where the Defendant was incarcerated—and because the petition did not state a cognizable claim for relief. See id. This Court affirmed on appeal. See id.

The Petitioner's second application for the writ of habeas corpus was filed on June 15, 2006; this time he filed in Wayne County—the correct location. The Petitioner argued that he was entitled to relief because the aggravated rape and aggravated kidnapping were committed while he was out on parole for grand larceny, that the sentencing court was aware he was on parole at the time of sentencing, and that the sentencing court failed to order that the concurrent life sentences be served consecutively to the grand larceny sentence in contravention of Tennessee law. The Petitioner also requested in his petition that the habeas corpus court make "finding of facts, law or conclusions . . . ."

The Petitioner attached to his petition copies of the indictment for aggravated rape and aggravated kidnapping, the judgments of conviction for aggravated rape and aggravated kidnapping, portions of the sentencing transcript, and the direct examination of his parole officer. The copies of the judgments of convictions provided by the Petitioner reflect that he was found guilty by jury of aggravated rape and aggravated kidnapping on February 24, 1987, and received a sentence of life for both convictions to be served concurrently. The sentencing court did not indicate on the judgments

---

[1] The facts underlying the convictions were set forth by this Court in the Petitioner's direct appeal as follows:

> On June 2, 1986, at about 6:00 P.M., the fourteen year old victim was out walking her dog. As she walked by 524 Silver Street, a man, whom she positively identified as the [Petitioner], called her dog, who went to the [Petitioner]. She went to get the dog and when she did so, the [Petitioner] grabbed her by the wrist and pulled her into the kitchen of the house. There he pushed her against the refrigerator, raised her shirt and bra and kissed her breasts. Although she was fighting him, he unbuttoned her pants, pulled them down, bent her over the counter and entered her vagina from the rear. As he did so, he held her breasts tightly with his hands. After he climaxed, he pushed her through the door and told her to go home.

State v. Barry Sotherland, No. 87-293-III, 1988 WL 60383, at *1 (Tenn. Crim. App., Nashville, June 14, 1988), perm. to appeal denied, (Tenn. 1988).

whether these concurrent life sentences were to be served concurrently or consecutively to the prior sentence for grand larceny. The judgments of conviction and transcripts show that the sentencing court was aware at the time of sentencing that the Petitioner was on parole for grand larceny when he committed the aggravated rape and aggravated kidnapping.

The State's motion for summary dismissal was filed on July 13, 2006. The State sought dismissal of the petition on the basis that the Petitioner had not stated a cognizable claim for relief and, additionally, noted in its memorandum in support of the motion that this Court, in the Petitioner's appeal of his first application for the writ, had "already addressed the heart of the Petitioner's challenge to his sentences." The habeas corpus court granted the State's motion to dismiss and entered an order of dismissal on July 28, 2006, but did not include any specific findings. The Petitioner's response to the motion to dismiss, which reflected that it was mailed on July 27, 2006, but not filed until August 7, 2006, was not considered by the lower court in its decision to dismiss summarily because it was received after the order was filed.

It is from this determination that the Petitioner now appeals, challenging the summary dismissal of his petition. The Petitioner also argues that the habeas corpus court denied him the opportunity to respond to the State's motion to dismiss the petition and failed to make "finding of facts, law or conclusions" as requested.

**ANALYSIS**

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001), overruled on other grounds by State v. Summers, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A sentence imposed in direct contravention of a statute is illegal and thus void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

-3-

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107.

The Petitioner acknowledged that this is not his first application for habeas corpus relief. However, the Petitioner failed to attach to his current petition a copy of his prior petition and the "proceedings thereon" as required by Tennessee Code Annotated section 29-21-107(b)(4). It is evident from the record in this case that the Petitioner did not comply with the statutory requirements. Nonetheless, in the interest of judicial economy, we will consider the merits of the petition.

The crux of the Petitioner's argument is that his concurrent life sentences for aggravated kidnapping and aggravated rape are illegal because he was on parole for grand larceny at the time he committed the kidnapping and rape and because the judgments of conviction do not explicitly

provide that the subsequent sentences are to be served consecutively to the sentence for grand larceny.[2] Tennessee Code Annotated section 40-28-123 mandates, in pertinent part, as follows:

> If any prisoner be convicted in this state of a felony, committed while on parole from a state prison or workhouse, he shall serve the remainder of his sentence, under which he was paroled, or such part of that sentence, as the board may determine before he commences serving the sentence affixed while on parole.

Tenn. Code Ann. § 40-28-123(a) (1986). Furthermore, Rule 32(c)(3) of the Rules of Criminal Procedure provides for consecutive sentencing under the following circumstances:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) To a sentence for a felony committed while on parole for a felony;
> (B) To a sentence for escape or for a felony committed while on escape;
> (C) To a sentence for a felony where the defendant was released
> on bail and the defendant is convicted of both offenses; and
> (D) Any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).[3] Both Tennessee Code Annotated section 40-28-123(a) and Rule 32(c)(3)(A) require that sentences for felonies committed while on parole be served consecutively to the sentence remaining for the paroled offense. Hogan v. Mills, 168 S.W.3d 753, 756 (Tenn. 2005), reh'g denied, (July 25, 2005).

The Tennessee Supreme Court has recently ruled that judgments for new convictions that do not explicitly provide that the sentences are to be served consecutively to a sentence for a prior conviction are not illegal. Id. at 756-57. In Hogan, the petitioner contended, among other things,

---

[2] Both the State in this appeal and this Court in this Petitioner's first habeas corpus appeal framed the Petitioner's argument as contending that his life sentences were illegal because Tennessee law required that the life sentences be served consecutively to one another. To the extent that the Petitioner's argument may be construed as challenging the manner of service of his life sentences, the Petitioner is not entitled to habeas corpus relief on this ground. Rule 32(c)(3)(A) does not require the Petitioner's life sentences to be served consecutively to one another. See Hogan v. Mills, 168 S.W.3d 753, 756 (Tenn. 2005), reh'g denied, (July 25, 2005) (holding that there is no requirement under Rule 32(c)(3)(A) that new convictions be served consecutively to one another). Accordingly, concurrent life sentences for aggravated rape and aggravated kidnapping are not illegal.

[3] The Tennessee Rules of Criminal Procedure have been recently amended, said changes becoming effective July 1, 2006. See Compiler's Notes, Tenn. R. Crim. P. (2006). However, the Defendant's crimes in this case, as well as his sentencing, predate the effective date of this amendment to Rule 32. Therefore, we will cite to the provision as in effect at the time of the offenses.

that his 1985 sentences were illegal and void because they ran concurrently with his 1981 sentence. Id. at 754. Hogan alleged that he was on parole at the time he committed the 1985 offenses and, thus, consecutive sentencing was mandated under Tennessee Rule of Criminal Procedure 32(c)(3)(A). Id. at 755. Our supreme court concluded that, because the judgment forms relating to Hogan's 1985 convictions were silent as to whether the sentences were to be served concurrently or consecutively to his prior 1981 sentence, the petitioner had "failed to establish the trial court imposed sentences concurrent with Hogan's prior felony sentence in contravention of Rule 32(c)(3)(A)." Id. at 757. Our supreme court reasoned that "Rule 32(c)(3) mandates that new sentences run consecutively to the prior sentence 'whether the judgment explicitly so orders or not.' Thus, the new sentences run consecutively to the prior sentence even if the judgment is silent in this regard." Id. at 756. In this case, the judgments are silent as to the whether the life sentences are to be served concurrently or consecutively with the grand larceny sentence, and Tennessee Rule of Criminal Procedure 32(c)(3)(A) requires that the Petitioner's sentences be served consecutively to this grand larceny sentence. Accordingly, there is no illegality evident from the face of the judgments.

Additionally, the Petitioner, citing the Tennessee Rules of Civil Procedure, contends that the habeas corpus court erred in failing to allow him time to respond to the State's motion to dismiss his petition and in failing to make "finding of facts, law and conclusions . . . ." As stated previously, when a petition for a writ of habeas corpus fails to state a cognizable claim, the lower court may summarily dismiss the petition. Passarella, 891 S.W.2d at 627. The circuit court properly dismissed the petition as failing to state a cognizable claim for habeas corpus relief.

## CONCLUSION

The Petitioner has failed to present any evidence that his sentences have expired or that his convictions are void. Accordingly, the judgment of the circuit court summarily dismissing the petition for a writ of habeas corpus is affirmed.

_____
DAVID H. WELLES, JUDGE